# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**HEELING SPORTS LIMITED,**

           **Plaintiff,**

**-vs-**                                        **Case No.  6:08-cv-565-Orl-22DAB**

**WHEELY'S WORLD, INC., and**
**CHARAF BENAFFANE,**

           **Defendants.**

_____

## ORDER

This cause came on for consideration without oral argument on the following motion filed herein:

| | |
|---|---|
| **MOTION:** | **MOTION FOR DEFAULT AGAINST WHEELY'S WORLD, INC. AND CHARAF BENAFFANE (Doc. No. 47)** |
| **FILED:** | **May 30, 2008** |

**THEREON** it is **ORDERED** that the motion is **DENIED without prejudice** against Wheely's World, Inc. and **DENIED** against Charaf Benaffane.

Plaintiff Heeling Sports Limited is suing Defendants Wheely's World, Inc. and Charaf Benaffane for patent infringement, alleging that they are selling knockoffs of Plaintiff's patented "Heelys" skates.  Doc. No. 1.  On April 18, 2008, Plaintiff served Defendants with the Amended Complaint.  Doc. No. 49.  Defendants' Answer was due on May 5, 2008.  Doc. No. 49.  Defendant

Benaffane did respond to the initial Complaint.  Doc. No. 17. Defendant Wheely World, Inc. did not respond to the Complaint[1].  Neither Defendant has responded to the Amended Complaint.

Plaintiff now seeks to take a default against Defendants pursuant to Federal Rule of Civil Procedure 55(a) for Defendants' failure to timely file an answer to the Amended Complaint following the Court's severance of the claims against several parties.  Doc. No. 44.

**Wheely's World, Inc.**

In order to obtain an entry of default, Plaintiff must show that the Defendant "has failed to plead or otherwise defend, and *that failure is shown by affidavit* or otherwise." Fed. R. Civ. P. 55(a) (emphasis added).  Plaintiff has failed to show by affidavit or otherwise that Defendant Wheely's World, Inc. was personally served under the Rules.  Although summons was issued on December 5, 2008, no return of service affidavit has been filed, nor is there one attached to the Motion for Default.  Accordingly, the Motion for Default against Wheely's World, Inc. is **DENIED** without prejudice to its reassertion with the proper documentation that personal service (of either complaint) was accomplished.

**Charaf Bennaffane**

Because Defendant Benaffane had already appeared in the case and filed his Answer[2] to the Complaint, entry of default by the Clerk under Rule 55(a) is inapplicable, and the issue is governed by a different provision of Rule 55, which places within the Court's discretion whether a default judgment is appropriate under the circumstances.  *See* CHARLES ALAN WRIGHT, ARTHUR R. MILLER

---

[1]Even if Defendant Benaffane's Answer (Doc. No. 17) was an attempt to answer for Wheely's World, Inc., it was of no effect because a corporation may only be represented by counsel admitted to practice before this Court.  Local Rule 2.01, United States District Court for the Middle District of Florida.

[2]Doc. No. 17, filed January 2, 2008.

& MARY KAY KANE, FEDERAL PRACTICE & PROCEDURE § 2686 (1998) (discussing Rule 55(b)(2)). The general policy is that "whenever there is doubt whether a default should be entered, the court ought to allow the case to be tried on the merits." WRIGHT & MILLER § 2682.

Defendant Benaffane is proceeding *pro se* and is unfamiliar with the Rules. For this reason, Plaintiff's Motion for Default is **DENIED**. However, because the Court has authority to enter a default judgment against a Defendant for noncompliance with the rules or a court order[3], Defendant Benaffane is **ORDERED** to file his answer to the Amended Complaint **by July 11, 2008**. Defendant Benaffane is **admonished** that failure to timely file the answer to the Amended Complaint will constitute non-compliance with a court order, and may result in entry of **DEFAULT** against him.

**DONE** and **ORDERED** in Orlando, Florida on June 25, 2008.

*David A. Baker*
_____
DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties

---

[3] *See* Wright & Miller § 2682.